Mr. Chief Justice Shaukey
delivered the opinion of the court.
The ground, relied on for a new trial on the part of the plaintiff is, that improper testimony was permitted to go to the jury. The action was trespass for killing a negro. After the plaintiff had •closed his testimony, the defendant, under the plea*of not guilty, introduced Collin as a witness who proved the transaction as detailed by Williams to Edwards, and his statement was received under the rule of law, that statements made by one party to the other and not denied, are admissible as evidence, because the acquiescence in the statement made by one party and undenied by the other is construed into an admission of the truth of the statement. Although this is a general rule, it is certainly not without exceptions. Whenever one party speaks of a matter which must necessarily be within the knowledge of the other, the suffering of the statement to remain uncontradicted, may with propriety be •considered as an admission of the fact stated. ■ But the rule cannot be extended farther. If, therefore, the matter spoken of be not within the knowledge of the party addressed, his failure to contradict the statement cannot amount to an admission of its truth.
To contradict an assertion, implies a knowledge of the matter spoken of, but to suffer a remark to pass uncontradicted does not necessarily imply an admission of its truth. This would depend upon the knowledge of the party to whom the conversation was addressed. If an individual were to say to another, I owe you so much and no more, and that other were to permit the remark to pass uncontradicted, it would be admissible as evidence to show the extent of the debt, but it would be so because the remark was made in reference to a matter which must have been known, or which in all probability was known by the other party. On the other hand, if such a remark should be made in reference to a matter which must necessarily be unknown to the party addressed, his apparent acquiescence would amount to nothing. If the nature of the matter spoken should be such as would be likely to be known to the party to whom the conversation was addressed, such probable knowledge might be sufficient ground for admitting the evidence; but when the truth of the statement could *850 not be known by the party addressed, the statemant made to him could not be evidence, without showing that the truth of the matter was within his knowledge. The matter here complained of, was a trespass, and it appears conclusive by that, the plaintiff was not present at the commission of the act. Without a knowledge on the subject, he could not have contradicted the statement of the defendant, and not knowing whether the statement was true or false, his failure to contradict it cannot amount to an admission of its truth. The statement as detailed by the witness was, therefore, inadmissible, and as it may have had great weight with the jury, a new trial should have been granted.
The judgment must be reversed, and cause remanded, and a venire de novo awarded.